IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| VALPAK OF CINCINNATI, INC., SUCCESS DIRECT MARKETING, INC., ROBERT J. SLATTERY, JAMES F. SLATTERY, ROBERT JOSEPH SLATTERY, and SEAN SLATTERY, <br><br>    Plaintiffs, <br><br>vs. <br><br>VALPAK DIRECT MARKETING SYSTEMS, INC., <br><br>    Defendant. | Case No. 1:05cv00510-SSB-TSH <br><br> Judge Sandra S. Beckwith |

ORDER

This matter is before the Court on Defendant's motion to transfer venue to the Tampa Division of the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).  For the reasons stated below, Defendant's motion is well taken and is **GRANTED.**

I. Procedural History

Valpak Direct Marketing Systems, Inc. ("VPDMS") is a Delaware corporation with its principal place of business in Largo, Florida.  Complaint ¶ 7.  VPDMS publishes and distributes promotional literature and packages known as VALPAK envelopes.  *Id*. These distinctive blue envelopes contain local and national advertising inserts and are delivered to residential addresses.  VPDMS' franchisees share in the printing, mailing, and other distribution expenses in exchange for the right to include local advertising in the envelopes mailed to that franchisee's territory. Memo. in Support of Def.'s Motion to Transfer Venue at 2.

Plaintiffs Valpak Cincinnati ("VPC"), Success Direct Marketing, Robert J. Slattery, and James F. Slattery entered into ten-year franchise agreements with VPDMS in November of 1993. Compl. ¶¶ 9-11. Plaintiffs are all residents of or incorporated in the state of Ohio. *Id*. at ¶¶ 2-4. In November of 1993, Plaintiffs also entered into a letter agreement ("Family Transfer Amendment") with VPDMS. *Id*. at ¶ 13. This agreement amended the Franchise Agreements to allow Robert J. Slattery to transfer the Franchise Agreements and certain prior amendments to the Franchise Agreements to family members for the balance of the term of the original Franchise Agreement without any remaining renewal rights. *Id.* VPDMS' approval was required for all transfers under the Family Transfer Amendment. *Id*. at ¶ 14. The terms of the Franchise Agreements were extended by various agreements of the parties until July 29, 2005. *Id*. at ¶ 12.

In June of 2004, the Franchisees gave notice to VPDMS that Robert J. Slattery had agreed to transfer ownership to James F. Slattery, Robert Joseph Slattery, and Sean Slattery and requested that the Franchise Agreements be transferred to them under the Family Transfer Amendment. *Id*. at ¶ 14. VPDMS refused and continues to refuse to transfer the Franchise Agreements. *Id*. at ¶ 15.

On July 29, 2005, Plaintiffs filed a complaint with this Court, alleging breach of the Franchise Agreements and the Family Transfer Amendment (Doc. No. 1). Plaintiffs also allege that VPDMS' refusal to approve the transfers is a tortious interference with contract and business relations. *Id*. at ¶¶ 31-36, 38-42. Finally, Plaintiffs allege that the refusal to approve the transfers will result in the probable reacquisition of the franchise territories by VPDMS, which is a violation of the Sherman Act, 15 U.S.C. § 1. *Id*. at ¶¶ 48-52. Based on these claims, Plaintiffs request injunctive relief, damages, and declaratory judgment. *See id.* Also on July 29, 2005,

Defendant VPDMS filed a lawsuit against Robert Slattery, James Slattery, VPC, Success Direct Marketing, and Timothy Slattery (a guarantor of the franchise agreements) in the United States District Court for the Middle District of Florida (Case No. 8:05cv1420-T24MSS). This lawsuit requests declaratory relief concerning the propriety of its decision to deny the requested transfers and also requests a declaration that the franchise agreements are expired for failure to renew. Memo. in Support of Def.'s Motion to Transfer Venue.

On August 25, 2005, Defendant filed a motion requesting that the Court transfer venue in this action to the Tampa Division of the United States District Court for the Middle District of Florida. (Doc. No. 5). The grounds for this motion are that the Franchise Agreements explicitly award exclusive jurisdiction to that court. Paragraph 14.7 of each Franchise Agreement provides as follows:

> 14.7 **Governing Law/Consent to Jurisdiction.** This agreement shall be governed by and interpreted in accordance with the laws of the state of Florida. The parties agree that in any action arising out of this Agreement, exclusive jurisdiction shall be vested in the United States District Court for the Middle District of Florida in Tampa, Florida, ... and franchisee irrevocably submits to the jurisdiction of such [] and waives any objection it may have to either the jurisdiction or venue or such courts.

Memo. in Support of Def.'s Motion to Transfer Venue at 5. Defendant further argues that the convenience of the parties and witnesses and the interests of justice favor transfer of this action. *Id*. at 9-14.

## II. Standard of Review

Section 1404(a) permits a court to transfer any action "[f]or the convenience of the parties and witnesses, in the interest of justice." Pursuant to that provision, a court may transfer an action "to any other district or division where it might have been brought." The ultimate

decision whether to transfer venue under this statute is left to the discretion of the district court. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Jamhour v. Scottsdale Ins. Co.*, 211 F.Supp. 2d 941, 944 (S.D. Ohio 2002). In considering a motion to transfer venue, a district court must weigh a number of "case specific factors" in order to assess convenience and fairness. *See Stewart Org.*, 487 U.S. at 29. A forum selection clause is a "significant factor that figures centrally into the district court's calculus." *Id.*

Forum selection clauses are enforced "unless plaintiffs [can] clearly show that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." *West Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995) (internal quotations omitted). The presumptive validity of a forum selection clause can also be set aside if Plaintiffs can show that "'trial in the contractual forum will be so gravely difficult or inconvenient that [they] will for all practical purposes be deprived of [their] day in court' ... or if 'enforcement would contravene a strong public policy' of the forum state." *Id*. at 1229-1230, quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18 (1972). *See General Electric Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1099 (6th Cir. 1994).

III. Analysis

Defendant argues that Plaintiffs cannot meet their burden of demonstrating that enforcing the forum selection clause in this case would be unreasonable or inappropriate. *See Amerisource Bergen Drug Corp. v. Meijer, Inc.*, 2005 WL 1630843 at *4 (S.D. Ohio July 8, 2005), citing *Jamara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3rd Cir. 1995), *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989), and *Viron Int'l Corp. v. Boland, Inc.*, 237 F. Supp. 35, 19 (W.D. Mich 2002). More specifically, Defendant argues that Plaintiffs cannot show that the parties' interests,

4

the public's interests, and the interests of justice outweigh the presumptive validity of the forum selection clause in this case. *See Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 538-539 (6th Cir. 2001).

In response, Plaintiffs argue that a forum selection clause is entitled to significant but not dispositive weight in a 1404(a) transfer analysis. *Stewart*, 487 U.S. 22, 29 (U.S. 1988). Plaintiffs further argue that other factors must be considered. After reviewing all of Plaintiffs' arguments, the Court finds that none compel the conclusion that the forum selection clause should not be enforced. Plaintiffs have not argued that the forum selection clause is invalid due to fraud or overreaching. Additionally, Plaintiffs have failed to establish that trial in the contractual forum would be so difficult or inconvenient that they would be for all practical purposes deprived of their day in court. Finally, Plaintiffs have failed to establish that enforcement would contravene a strong public policy. For all of these reasons, Plaintiffs have failed to meet their burden of establishing that enforcement of the forum selection clause would be unreasonable or unjust.

Plaintiffs also argue that the first-to-file rule establishes that this Court has priority to hear this case. *See Am. Modern Home Ins. v. Insured Accounts Co.*, 704 F. Supp. 128, 129 (S.D. Ohio 1988) ("in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it"). However, Plaintiffs acknowledge that the first-to-file rule is discretionary. *See Plating Resources, Inc. V. UTI Corp.*, 47 F. Supp. 2d at 903 (N.D. Ohio). For example, the first-to-file rule may not apply where (1) convenience favors the second forum; or (2) there are "special circumstances" justifying the priority of the second forum. *See First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2nd Cir. 1989). One of the "special circumstances" justifying departure from the first-to-file rule is the presence of a forum selection

clause. *See e.g. Internet Law Library v. Southridge Capital Management, LLC*, 208 F.R.D. 59, 64 (S.D.N.Y. 2002). Based on the discretionary nature of the first-to-file rule, the Court finds that transfer to the Middle District of Florida is appropriate.

## IV. Conclusion

Plaintiffs have failed to demonstrate that enforcement of the forum selection clause in this case would be unreasonable or unjust. The first-to-file rule does not alter this conclusion. Therefore, Defendant's motion is **GRANTED**, and this action is **TRANSFERRED** to the Tampa Division of the United States District Court for the Middle District of Florida .

**IT IS SO ORDERED**

       s/ Sandra S. Beckwith
Sandra S. Beckwith, Chief Judge
United States District Court